

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-16-00034-CV

---

WAYNE E. FREEMAN, FREEMAN RESOURCES, LTD., AND FRM GP, LLC, FRANK M.
BUFKIN, III, BUFFCO PRODUCTION, INC., TWIN RESOURCES, LLC, AND
CHESAPEAKE LOUISIANA, L.P., Appellants

V.

HARLETON OIL & GAS, INC., Appellee

---

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 12-0517

---

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

All Texas courts are responsible for encouraging the peaceable resolution of disputes and the early settlement of pending litigation through voluntary settlement procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.002, 154.003 (West 2011) (declaring encouragement of peaceable resolution Texas policy). Mediation provides one such forum through which parties may achieve early settlement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.023 (West 2011). We have been notified by Gregory D. Smith, counsel for Harleton Oil & Gas, Inc., that Wayne E. Freeman, Freeman Resources, Ltd., FRM GP, LLC, Frank M. Bufkin, III, and Buffco Production, Inc., together with Harelton Oil & Gas, Inc., have agreed to mediate their disputes. Further, we have been advised that these parties have agreed on a mediator, Richard Grainger, and that the mediation is currently scheduled for May 25, 2016.

We have also received a notice of appeal and a mediation inquiry from Chesapeake Louisiana, LP. Chesapeake, through its attorneys, Jess R. Pierce and Brian K. Tully, has indicated that it, too, believes this case should be referred to mediation. However, it would appear that Chesapeake is not currently a participant in the scheduled May 25, 2016, mediation. In accordance with the agreement by and between many of the parties, with the expressed desires of Chesapeake, and with our obligation under Section 154.003 of the Texas Civil Practice and Remedies Code, we refer this case and the parties to mediation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.021 (West 2011) (detailing court's referral authority).

We are optimistic that the parties will find a way to incorporate Chesapeake in the

2

mediation process. However, should any party object to any portion of this order, such objection must be filed with this Court within ten calendar days of the date of the order, or on or before May 23, 2016. The mediation shall be completed by no later than May 25, 2016. Within seven calendar days following the mediation, the parties shall deliver a report to this Court detailing the results of the mediation.

Fees for the mediation are to be agreed on by the parties and the mediator and shall be divided and borne equally by the parties unless agreed otherwise. Fees shall be paid by the parties directly to the mediator. Unless otherwise agreed by the parties, such fees shall be taxed as costs of this appeal on approval of this Court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.054(b) (West 2011).

The current appellate timetables are hereby suspended pending the occurrence of one of the following: (1) receipt by this Court of notice of a successful mediation, (2) receipt by this Court of notice of an unsuccessful mediation, or (3) receipt by this Court of no notice by June 1, 2016.

IT IS SO ORDERED.

BY THE COURT

Date: May 12, 2016

3